UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Crystal Boone, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | 1:08cv01065 |
| | : | Judge Ricardo M. Urbina |
| MountainMade Foundation, et al., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants, MountainMade Foundation, Kate McComas, and Jon R. Carpenter (collectively referred to as "Defendants"), by counsel CARR MALONEY P.C. and pursuant to Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, respectfully move this Court to dismiss with prejudice, the claims asserted against them by Plaintiffs Crystal Boone, Melissa Harris, Holly Smith, and Charles Barker (collectively referred to as Plaintiffs) for failure to state a claim for which relief can be granted, and for those reasons more fully set forth in the attached Memorandum of Points and Authorities.

Respectfully submitted,

CARR MALONEY P.C.

By: _____/s/_____
Thomas L. McCally, #391937
Nat P. Calamis, #495680
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

## REQUEST FOR ORAL HEARING

Pursuant to LCvR 7(f), the undersigned counsel respectfully requests an oral hearing on this issues addressed in this Motion.

_____**/s/**_____
Nat P. Calamis

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Motion to Dismiss, or in the Alternative, Motion for Summary Judgment** was electronically filed and mailed, postage pre-paid, on this 4th day of September, 2008 to:

C. Michael Tarone, Esquire
Tarone & McLaughlin
1010 Vermont Ave., N.W.
Suite 810
Washington, D.C.  20005

_____/s/_____
Nat P. Calamis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Crystal Boone, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | 1:08cv01065 |
| | : | Judge Ricardo M. Urbina |
| MountainMade Foundation, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS, OR IN THE ALTERNATIVE,
MOTION FOR SUMMARY JUDGMENT**

In support of the foregoing Motion, Defendants assert as follows:

**I.    Introduction**

The present action is a Complaint alleging violations of the whistleblower provision (§3730(h)) of the False Claims Act, wrongful discharge in violation of public policy, and civil conspiracy.  The Plaintiffs, Crystal Boone, Melissa Harris, Holly Smith, and Charles Barker are all former employees of Defendant MountainMade Foundation (hereinafter "MountainMade"), a non-profit corporation formed under the laws of the state of West Virginia.  Defendant Kate McComas was a former Executive Director of MountainMade Foundation and in that capacity, served as the supervisor to the four Plaintiffs throughout much of their employment at MountainMade.  Defendant Jon R. (hereinafter "Jack") Carpenter is the Chairman of the MountainMade Board of Directors.

In relevant part, the Complaint alleges that Plaintiff Crystal Boone learned in late 2005 that Ms. McComas was using a MountainMade debit card for personal expenditures.  *See, e.g.* Complaint, ¶ 42.  The Complaint alleges that the funds used for these purchases came from the United States Treasury through Small Business Administration grants.  *See* Complaint, ¶ 49.

The Complaint alleges that Plaintiffs disclosed Ms. McComas's supposed wrongdoing to the MountainMade Board of Directors in March of 2006.  *See, e.g.* Complaint, ¶ 57**.**  The Complaint finally alleges that all four Plaintiffs were either terminated or constructively discharged as a result of making these disclosures to the MountainMade Board of Directors.[1]  *See* Complaint, ¶¶ 86, 94, 102, and 114**.**  Plaintiffs' claims for violation of the whistleblower provision of the False Claims Act, wrongful discharge in violation of public policy, and civil conspiracy all arise out of the above-referenced allegations.

As will be set forth more fully below, all three of the causes of action alleged in Plaintiffs' Complaint should be summarily dismissed.  Plaintiffs cannot bring a claim under §3730(h) of the False Claims Act against the individual defendants since these defendants were not the Plaintiffs' "employer" for purposes of that statute.  Plaintiffs have failed to allege a prima facie case of retaliation under §3730(h) of the False Claims Act against Defendant MountainMade.  Further, Plaintiffs' have failed to plead allegations of fraud necessary to support their §3730(h) claim against Defendant MountainMade with sufficient particularity.  Plaintiffs' common law claim for wrongful discharge in violation of public policy should be dismissed because the statute creating the public policy on which the Plaintiffs are relying to support this claim, the False Claims Act, already provides its own civil remedy; therefore a common law claim for wrongful discharge is duplicative.  Finally, Plaintiffs' claim for civil conspiracy must fail because pursuant to the intra-corporate conspiracy doctrine, a corporate entity cannot conspire with its own employees or agents.  For all of these reasons, Plaintiffs' Complaint should be dismissed in its entirety.

## II.    Statement of Material Facts of Which There is No Genuine Dispute

---

[1] Melissa Harris, Charles Barker, and Holly Smith allege that they were terminated.  Crystal Boone alleges that she was constructively discharged.

1.      Defendant MountainMade Foundation is a non-profit corporation organized under the laws of the State of West Virginia.  *See* Complaint, ¶ 11.

2.      Defendant Kate McComas is a resident of West Virginia, who at all times relevant to this matter, was MountainMade's Executive Director.  *See* Complaint, ¶ 12.

3.      Defendant Jack Carpenter is a resident of Ohio, who at all time relevant to this matter, was the Chairman of the Board of Directors at MountainMade.  *See* Complaint, ¶ 13.

4.      Plaintiff Crystal Boone began working at MountainMade in June of 2004.  *See* Complaint, ¶ 29.  At various times, Ms. Boone worked as MountainMade's Manager of the Country Store, Finance Manager, and Director of Finance.  *See generally* Complaint, ¶ 29-31. At all times relevant to this matter, Ms. McComas was Ms. Boone's supervisor at MountainMade. *Id.*

5.      Plaintiff Melissa Harris began working at MountainMade in August of 2003.  *See* Complaint, ¶ 65.  At all times relevant to this matter, Ms. McComas was Ms. Harris's supervisor at MountainMade.  *See generally* Complaint, ¶¶ 65-68.

6.      Plaintiff Holly Smith began working at MountainMade in October of 2001.  *See* Complaint, ¶ 87.  At all times relevant to this matter, Ms. McComas was Ms. Smith's supervisor at MountainMade.  *See generally* Complaint, ¶¶ 87-91.

7.      Plaintiff Charles Barker began working at MountainMade in August of 2001.  *See* Complaint, ¶ 95.  At all times relevant to this matter, Ms. McComas was Mr. Barker's supervisor.  *See generally* Complaint, ¶¶95-98.

8.      Ms. Boone alleges that she discovered that Ms. McComas was using a MountainMade debit card for personal expenditures in the fall of 2005.  *See* Complaint, ¶¶ 42-44.  Ms. Smith alleges that she witnessed Ms. McComas use a MountainMade debit card for

personal expenditures on a business trip in February of 2006. *See* Complaint, ¶ 50.

9.     The debit card that was allegedly used by Ms. McComas for personal expenditures was funded by a MountainMade operating account with The Huntington National Bank. *See* Affidavit of Jon R. Carpenter, attached hereto as Exhibit 1. The money that was used to pay for this debit card came from revenues earned from MountainMade's retail stores and catalogues. *Id.*

10.     In March of 2006, Plaintiffs submitted letters to Mr. Carpenter alleging wrongdoing on the part of Ms. McComas. *See* Complaint, ¶ 57. In April of 2006, Mr. Carpenter met with each of the Plaintiffs. *See* Exhibit 1. During these meetings, and in their letters, none of the Plaintiffs alleged that MountainMade had submitted any false claims to the U.S. government, and none of the Plaintiffs raised the possibility of initiating a False Claims Act proceeding. *Id.*

11.     The Complaint alleges that Ms. Harris, Ms. Smith, and Mr. Barker were terminated, and Ms. Boone was constructively discharged in retaliation for reporting Ms. McComas's alleged misconduct to the MountainMade Board of Directors. *See* Complaint, ¶¶113-116, ¶128.

### III.     **Argument**

#### A.     *Standard of Review*

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the facts stated in a Complaint support a claim for relief. The United States Supreme Court recently refined the standard for deciding a Rule 12(b)(6) motion in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In *Twombly*, the Supreme Court held that a plaintiff must allege a "plausible entitlement to relief" by setting forth "a set of facts consistent with the allegations." *Id.* at 1969.

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept plaintiff's factual allegations as true. *Albright v. Oliver*, 510 U.S. 266, 114 S. Ct. 807, 810 (1994). However, conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss. *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004); *Bender v. Suburban Hosp., Inc.,* 159 F.3d 186, 192 (4th Cir. 1998).

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court may choose to treat the instant motion as one for summary judgment. Rule 12(d) states in pertinent part:

> If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

Under the applicable rules of this Court, summary judgment is properly granted when, considering the pleadings and discovery on file in the case, it clearly appears "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c).

The United States Supreme Court addressed the procedural mechanics of summary judgment in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548 (1986). In *Celotex,* the Court held that a defendant moving for summary judgment meets its initial burden of production simply by indicating an absence of evidence in the record to support the plaintiff's claim. 477 U.S. at 325. The burden then shifts to the non-moving party, who must "go beyond the pleadings" to designate specific facts which show there is a genuine triable issue. *Id.* at 324. The rule set forth by *Celotex* is consistent with the plain language of Fed. R. Civ. P. 56:

> When a motion for summary judgment is properly made
> and supported, an opposing party may not rely merely on
> allegations or denials in its own pleading; rather, its
> response must- by affidavits or as otherwise provided in
> this rule- <u>set out specific facts</u> showing a genuine issue for
> trial. If the opposing party does not so respond, summary
> judgment should, if appropriate, be entered against that
> party.

Fed. R. Civ. P. 56(e)(2)(emphasis added).

As set forth below, Plaintiffs' claims for legal malpractice, breach of fiduciary

duty, and constructive fraud fail as a matter of law, therefore, this motion should be

granted and judgment entered in favor of Defendants.

B.    *Plaintiffs' Count for Violation of the Whistleblower Provisions of the False
Claims Act Fails to State a Claim for which Relief Can Be Granted*

1.    <u>The individual Defendants were not Plaintiffs' "employer" for
purposes of 31 U.S.C. §3730(h)</u>

Plaintiffs' Complaint  is seeking to impose liability against Defendants Kate McComas and

Jack Carpenter in their individual capacities for alleged violations of the whistleblower provision

set forth in §3730(h) of the False Claims Act.  Ms. McComas was the Executive Director for

Defendant MountainMade Foundation.  Mr. Carpenter is the Chairman of MountainMade's Board

of Directors.  It is black letter law in the District of Columbia Circuit that individuals cannot be

held liable for violations of the whistleblower provision of the False Claims Act because they

cannot be considered an "employer" under the clear language of the statute.  This specific issue

was addressed by the Court of Appeals for the District of Columbia Circuit in *Yesudian ex rel U.S.*

*v. Howard University*, 270 F. 3d 969 (D.C. Cir. 2001).  In holding that the whistleblower provision

of the False Claims Act did not impose individual liability on supervisors, the Court stated as

follows:

> Section 3730(h) plainly mentions only the "employer" as incurring liability, and
> the word "employer" does not normally apply to a supervisor in his individual

capacity. [Defendant] did not-in his individual capacity-"employ" [Plaintiff]. Even in cases arising under Title VII, which explicitly defines "employer" as including "any agent of such a person [a person engaged in commerce and employing 15 or more persons]," see 42 U.S.C. § 2000e(b), we and all other circuits have held that the word "employer" does not cover a supervisor in his personal capacity. *Gary v. Long*, 59 F. 3d 1391, 1399 (D.C. Cir. 1995); see also *Tomka v. Seiler Corp*., 66 F. 3d 1295, 1313-17 (2d. Cir. 1995) *Dici v. Pennsylvania*, 91 F. 3d 542, 552 (3d Cir. 1996); *Lissau v. Southern Food Service, Inc*., 159 F. 3d 177, 180-81 (4th Cir. 1998); *Harvey v. Blake*, 913 F. 2d 226, 227-28 (5th Cir. 1990); *Hiler v. Brown*, 177 F. 3d 542, 546 (6th Cir. 1999); *Williams v. Banning*, 72 F. 3d 552, 553-55 (7th Cir. 1995); *Smith v. St. Bernards Regional Medical Ctr*., 19 F. 3d 1254, 1255 (8th Cir. 1994*); Miller v. Maxwell's Int'l, Inc*., 991 F. 2d 583, 587-88 (9th Cir. 1993); *Haynes v. Williams*, 88 F. 3d 898, 898-901 (10th Cir. 1996); *Busby v. City of Orlando*, 931 F. 2d 764, 772 (11th Cir. 1991). We (and other circuits) have reasoned that the reference to an "agent" was simply for the purpose of incorporating respondeat superior liability into the statute. *Gary*, 59 F. 3d at 1399; *Miller*, 991 F. 2d at 587; *Lissau*, 159 F. 3d at 180. As §3730(h) does not mention an "agent" of the employer as possibly liable, the inference of coverage here would be farfetched and in flat contradiction of *Gary*. Further, all the §3730(h) remedies are phrased in mandatory language (the employee " *shall be entitled,*" etc.) and yet include remedies such as reinstatement, which a mere supervisor could not possibly grant in his individual capacity.

*Yesudian*, 270 F. 3d at 972; *see also U.S. ex rel Siewick v. Jamieson Science and Engineering, Inc.*, 191 F. Supp. 2d 17, 19-20 (D.D.C. 2002)(adopting above stated analysis). Thus under the clear language of the District of Columbia Circuit in *Yesudian*, adopted by all other circuits with respect to individual supervisor liability in Title VII claims, including the United States Court of Appeals for the Fourth Circuit, supervisors cannot be found individually liable for violating the whistleblower provisions set forth in §3730(h) of the False Claims Act. *See, e.g. Lissau v. Southern Food Service, Inc.*, 159 F. 3d 177, 180-81 (4th Cir. 1998) As a result, this Count should be dismissed as to Defendants Kate McComas and Jack Carpenter.

      2.    <u>Plaintiffs' claim for violation of §3730(h) of the False Claims Act against Defendant MountainMade fails to state a claim for which relief can be granted.</u>

        a.    *Plaintiffs have not alleged a prima facie case for violations of §3730(h) against Defendant MountainMade.*

To establish a claim for retaliation under §3730(h), an employee must establish (1) that he or she engaged in acts in furtherance of an action under §3730 of the False Claims Act; and (2) that he or she was discriminated against because of this activity. *U.S. ex rel Yesudian v. Howard University*, 153 F. 3d 731, 736 (D.C. Cir. 1998). To establish the second element, the employee must show that: "(a) the employer had knowledge the employee engaged in protected activity; and (b) the retaliation was motivated, at least in part, by the employee's engaging in that protected activity." *Id.* (internal citations omitted). In the instant case, Plaintiffs' claim fails to state a claim for which relief can be granted because they did not engage in acts in furtherance of an action under the False Claims Act, and consequently, MountainMade did not have knowledge that Plaintiffs engaged in acts in furtherance of an action under the False Claims Act.

31 U.S.C. §3729 describes unlawful activity under the False Claims Act. Essentially, it prohibits persons from submitting fraudulent claims to the United States Government for payment. Plaintiffs allege that Kate McComas used a MountainMade Foundation debit card for personal expenses. *See, e.g.* Complaint, ¶¶ 38-42. Plaintiffs allege that they reported Ms. McComas's alleged misconduct to the MountainMade Board of Directors. *See* Complaint, ¶ 57. Plaintiffs however, do not allege that they reported to MountainMade that Ms. McComas was submitting a fraudulent claim to the United States Government for payment, nor could they. As set forth in the attached affidavit of Jack Carpenter, Plaintiffs' allegations regarding Ms. McComas' misuse of the MountainMade debit card were not allegations of fraud committed upon the federal government. Contrary to the conclusory assertions set forth in Plaintiffs' Complaint, the debit card at issue was not funded by the federal government. It was, rather, funded by MountainMade's operating account that consisted of revenues earned from MountainMade's retail stores and catalogues. *See* Affidavit of Jon R. Carpenter, attached hereto as Exhibit 1. Even if Ms. McComas was using the

MountainMade debit card for personal expenses, as alleged by Plaintiffs, these expenditures cannot be considered fraudulent claims for payment to the U.S. Government. Consequently, Plaintiffs' complaints to the MountainMade Board of Directors about Ms. McComas's alleged misuse of this debit card cannot be construed as acts in furtherance of a False Claims Act claim.

This case is analogous to that reviewed by the United States Court of Appeals for the Fifth Circuit in *Robertson v. Bell Helicopter Textron, Inc.*, 32 F. 3d 948 (5th Cir. 1994). In *Robertson*, the Plaintiff was a former contract administrator for a government contractor who alleged that he was terminated in violation of §3730(h) of the False Claims Act after he reported to his employer that they were possibly overcharging the U.S. Government. The District Court granted judgment as a matter of law to the Defendant employer with respect to Plaintiff's False Claims Act violation count. In affirming this decision, the U.S. Court of Appeals for the Fifth Circuit held that the Plaintiff failed to prove that his employer had knowledge that his reporting was in furtherance of a False Claims Act qui tam action where the plaintiff never used the terms "unlawful", "illegal", or "qui tam action" when describing his concerns about his employer's charges to the U.S. Government. *Id.* at 950-52. Similar to the Plaintiff in *Robertson*, the Plaintiffs in the present case expressed a general concern about the use of one of their employer's debit cards. *See* Exhibit 1**.** They did not specifically state that they believed that fraud was being committed on the government, nor did they give the MountainMade Board of Directors any indication that they were considering initiating a qui tam proceeding. *Id***.** As a result, Plaintiffs cannot establish that their employer had knowledge that they were engaging in protected activity, and therefore cannot establish a prima facie case for violation of §3730(h).

        b.    *Plaintiffs' claim for violation of §3730(h) against MountainMade fails to plead fraud with particularity.*

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Rule 9(b) applies to a False Claims Act complaint because the essence of a False Claims Act case is fraud. *See, e.g.* 31 U.S.C. § 3729. Failure to plead with the required specificity results in the equivalent of a dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *CSX Transp., Inc., v. Gilkison,* 2007 U.S. Dist. LEXIS 44859*; See also, Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003).

Rule 9(b) promotes judicial efficiency and fairness. It ensures that allegations of fraud are specific enough to apprise defendants of the alleged misconduct so that they can formulate a meaningful defense. *Bly-Magee v. California*, 236 F.3d 1014, 1018-19 (9th Cir. 2001). Rule 9(b) also prevents plaintiffs from making general allegations of fraud as a pretext for conducting massive fishing expeditions in hopes of unearthing unanticipated and unknown fraud. *Id.; see also California ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997)((holding "[t]he claim itself cannot be used as a means for discovering that wrong").

Rule 9(b) requires a qui tam relator to state the particular facts giving rise to the alleged false claims, often described as the "'who, what, when, where, and how' of the alleged fraud." *See Untied States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). In order to satisfy Rule 9(b), a relator must do more than merely allege a course of fraudulent conduct. Rather, the complaint must connect the alleged fraudulent conduct to "an actual false claim . . . being made to the Government." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 785 (4th Cir. 1999)*; see also, United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1002 (9th Cir. 2002) (internal citations and quotations omitted). Likewise, a complaint that sets forth a theoretical methodology of fraud without identifying any actual false claims submitted to the government fails under Rule 9(b). *United States ex rel. Gublo v.*

*NovaCare, Inc.*, 62 F. Supp. 2d 347, 354 (D. Mass. 1999) (dismissing claims for failure to satisfy Rule 9(b) because "plaintiffs simply allege three methods by which [defendant] is said to have inflated its bills to the government, without citing a single instance of a false claim.").

Although a relator does not need to set forth every detail about all aspects of the alleged fraud, there is no substitute for the key component – identification of actual false claims submitted to the government. In certain cases "[w]here a relator pleads a complex and far-reaching fraudulent scheme with particularity, and provides examples of *specific false claims submitted to the government* pursuant to that scheme, a relator may proceed to discovery on the entire fraudulent scheme." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 510 (6th Cir. 1007)(emphasis added). In that circumstance however, not only must the relator provide "examples of specific false claims," but also "the claims that are pled with specificity must be characteristic examples that are illustrative of the class of all claims covered by the fraudulent scheme." *Bledsoe*, 501 F.3d at 510-11 (citation and internal quotations marks omitted). Here, there is no far-reaching fraudulent scheme alleged by the Plaintiffs and they have provided only conclusory allegations of false or fraudulent claims submitted to the government in their Complaint. Accordingly, the Complaint should be dismissed for failure to plead with particularity under Fed. R. Civ. P. 9(b).

C.      *Plaintiffs' Common Law Claim for Wrongful Discharge in Violation of Public Policy Fails to State A Claim for which Relief Can Be Granted*

West Virginia Courts recognize a common law cause of action for wrongful discharge in violation of public policy. "The rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge." *Page v. Columbia Natural*

*Resources, Inc.*, 198 W. Va. 378, 385, 480 S.E. 2d 817, 824 (W. Va. 1996)(internal citations omitted). Despite this, a plaintiff cannot bring a claim for wrongful discharge in violation of public policy where the very statute creating the relied upon public policy already contains a specific and significant remedy for the party allegedly aggrieved by the violation. *See, e.g. Kakeh v. United Planning Org., Inc.*, 537 F. Supp. 2d 65 (D.D.C. 2008).

By bringing a claim for violation of the whistleblower provision of the False Claims Act, Plaintiffs have conceded that the False Claims Act provides a specific remedy for the acts alleged in the Complaint. Thus, pursuant to the above-cited case law, it would be duplicative for Plaintiffs to also be permitted to bring a common law claim for wrongful discharge in violation of public policy. In an attempt to circumvent this problem, Plaintiffs' Complaint alleges that the public policy that gives rise to their common law wrongful discharge count is not the False Claims Act, but rather 18 U.S.C. § 1001 and 18 U.S.C. § 1513(e)[2].

Judge Motz of the United States District Court for the District of Maryland recently analyzed this exact issue with his decision in *Glynn v. EDO Corp.*, 536 F. Supp. 2d 595 (D. Md. 2008). In *Glynn*, the Plaintiff filed suit alleging numerous claims against his former employer, including violation of §3730(h) of the False Claims Act and common law wrongful discharge in violation of public policy. Defendants moved to dismiss Plaintiff's claim for common law wrongful discharge, arguing that the claim "is unavailable when the statute relied upon as the source of public policy provides its own remedial scheme for vindication of that policy." *Id.* at 615. The Plaintiff countered by arguing that he was relying on 18 U.S.C. §1513(e) and 10 U.S.C. §2409, not the False Claims Act, as the public policy sources that his wrongful discharge suit sought to vindicate. *Id.* Judge Motz rejected this argument, stating:

---

[2] These provisions are from federal criminal statutes that make it unlawful to submit false claims to the U.S. Government and to retaliate against witnesses who report the submission of false claims to the U.S. Government.

> [T]he sole public policy interest implicated by [Plaintiff]'s termination is
> protected by the FCA. [Plaintiff]'s reliance on 18 U.S.C. § 1513(e) and 10 U.S.C.
> §2409 is misplaced because those statutes simply provide the federal government
> with other tools to protect the same public policy interest: namely, deterring
> retaliation against whistleblowers. As I have previously stated, "[t]he purpose of
> the tort of abusive discharge is to vindicate a public policy *in the absence of any*
> *civil remedy.*" Citing *Carson v. Giant Food, Inc.,* 187 F. Supp. 2d 462, 482-83
> (D. Md. 2002) (emphasis added).

*Id.* at 616. Similar to the Plaintiff in *Glynn*, the sole public policy interest implicated by the

Plaintiffs' Complaint in the present matter is deterring retaliation against whistleblowers.

§3730(h) of the False Claims Act provides a specific civil remedy to protect this policy interest.

18 U.S.C. § 1001 and 18 U.S.C. § 1513(e) simply provide the federal government with other

tools to protect this policy interest, and Plaintiffs reliance on these statutes does not make their

common law wrongful discharge claims viable. As such, Plaintiffs' claims for wrongful

discharge in violation of public policy should be dismissed as to all Defendants for failure to

state a claim for which relief can be granted.

D.      *Plaintiffs' Claims for Civil Conspiracy Should Be Dismissed For Failure*
        *to State a Claim for Which Relief Can Be Granted.*

Plaintiffs' Complaint finally alleges a Count for common law civil conspiracy. Plaintiffs'

claim that the MountainMade Foundation conspired and agreed with its Chairman of the Board of

Directors Jack Carpenter and its Executive Director Kate McComas to unlawfully terminate the

Plaintiffs' employment. This claim fails as a matter of law, however, as it is barred by the intra-

corporate conspiracy doctrine. The intra-corporate conspiracy doctrine states that "a corporation

cannot conspire with its employees, and its employees, when acting within the scope of their

employment, cannot conspire among themselves." *Tabb v. District of* Columbia, 477 F. Supp 2d.

185, 190 (D.D.C. 2007)(internal citations omitted). "It is based on the notion that a corporation

and its agents constitute a single legal entity that cannot conspire with itself, just as it is impossible for an individual person to conspire with himself or herself." *Id.* (Internal citations omitted).

The United States District Court for the Southern District of West Virginia recently conducted a thorough analysis of the applicability of the intra-corporate conspiracy doctrine with its decision in *U.S. v. Gwinn*, 2008 WL 867927 (S.D. W.Va. 2008).  In holding that the intra-corporate conspiracy doctrine barred a conspiracy claim brought pursuant to the False Claims Act, the Court in *Gwinn* noted that the United States Court of Appeals for the Fourth Circuit "has continuously reaffirmed the principle that the "doctrine dictates that a single entity cannot conspire amongst itself."  *Id.* at 23, citing *Cohn v. Bond*, 953 F. 2d 154, 159 (4th Cir. 1991); *see also Am. Chiropractic v. Trigon Healthcare*, 367 F. 3d 212, 224 (4th Cir. 2004).  Further, the Court in *Gwinn* noted that the doctrine has been used to bar conspiracy claims brought in several different settings, including common law civil conspiracy claims brought under state law, and civil conspiracy claims brought through civil rights statutes.  *Id.* at 23, citing *Godfredson v. JBC Legal Group, P.C.*, 387 F. Supp. 2d 543, 550 (W.D.N.C. 2005)(applying the doctrine to a civil conspiracy case under North Carolina law); *Hoffman v. Balt. Police Dep't*, 379 F. Supp. 2d 778, 796, n. 15 (D. Md. 2005)(noting that the Fourth Circuit has applied the doctrine in the civil rights context).

Thus, under clearly established federal common law in both the District of Columbia and Fourth Circuits, a corporate entity cannot conspire with its own employees or agents.  As such, Plaintiffs' claim for civil conspiracy against all Defendants should be dismissed for failure to state a claim for which relief can be granted.

## IV.    <u>Conclusion</u>

Since Jack Carpenter and Kate McComas were not Plaintiffs' "employer", for purposes of the False Claims Act, they cannot be found individually liable for violating the Whistleblower provision of that statute.  Plaintiffs claim for violation of the whistleblower provision of the False Claims Act against Defendant MountainMade fails because the Plaintiffs have not alleged that they reported fraud upon the government to anyone at MountainMade, and because Plaintiffs' Complaint does not plead fraud with sufficient specificity.  Plaintiffs' common law claim for wrongful discharge in violation of public policy must be dismissed because the False Claims Act already provides a specific and remedy for the public policy upon which Plaintiffs' common law claim relies.  Finally, Plaintiffs' Civil conspiracy count against Defendants must be dismissed because it is barred by the intra-corporate conspiracy doctrine.  For all of these reasons, Plaintiffs' Complaint must be dismissed in its entirety.

Respectfully submitted,

CARR MALONEY P.C.


By:    _____/s/_____

Thomas L. McCally, #391937
Nat P. Calamis, #495680
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

# EXHIBIT 1

exhibits

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

Crystal Boone, et al,                          :
                                               :
        Plaintiffs,                            :
                                               :
    v.                                         :    1:08cv01065
                                               :    Judge Ricardo M. Urbina
MountainMade Foundation, et al.,               :
                                               :
        Defendants.                            :

### AFFIDAVIT OF JON R. CARPENTER

I, Jon R. Carpenter, hereby swear and affirm as follows:

1.    I am over the age of 18, I am competent to provide this testimony and the testimony is based upon my own personal knowledge.

2.    I am currently the Chairman of the Board of Director's for MountainMade Foundation. I have held this position since 2001.

3.    In March of 2006, I received letters from MountainMade employees Crystal Roth, Melissa Harris, Holly Smith, and Charles Barker. In these letters, each of these four employees listed various complaints about their supervisor Kate McComas. Three of the letters alleged that Ms. McComas was using a MountainMade debit card for personal expenditures. All of the letters listed problems that the four employees had with Ms. McComas' management style.

4.    The debit card that was allegedly used by Ms. McComas for personal expenditures was funded by a MountainMade Foundation operating account with The Huntington National Bank. The money used to pay for this debit card came from revenues earned by MountainMade's retail stores and catalogues. The money that MountainMade received from the Small Business Administration through federal grants was not used to pay for this debit card.

5.    In April of 2006, I met with Ms. Roth, Ms. Harris, Ms. Smith, and Mr. Barker to discuss their letters and their complaints about Ms. McComas. During these meetings, none of these four employees specifically alleged that Ms. McComas or anyone at MountainMade had submitted any false claims to the U.S. Government. During these meetings, none of these four employees raised the possibility of initiating a qui tam proceeding. To the best of my recollection, none of these four employees used the terms "illegal" or "unlawful" to describe Ms. McComas's conduct during these meetings. It is my understanding that the majority of these four employees' complaints, based on their letters, and my meeting with them, were focused on Ms. McComas's management style.

I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY
THAT THE ABOVE FOREGOING STATEMENTS ARE TRUE AND CORRECT TO
THE BEST OF MY PERSONAL KNOWLEDGE, INFORMATION AND BELIEF.

_____                    9-03-08
Jon R. Carpenter                                    _____
                                                    Date

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| Crystal Boone, et al, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | 1:08cv01065 |
| | : | Judge Ricardo M. Urbina |
| MountainMade Foundation, et al., | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

Upon consideration of Defendants MountainMade Foundation, Jack Carpenter, and Kate McComas's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, any Opposition thereto, and the record, it is this _____ day of _____, 2008;

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that Plaintiffs' Complaint in this matter is hereby DISMISSED WITH PREJUDICE.

SO ORDERED.

_____
Judge Ricardo M. Urbina

Copies to:

Thomas L. McCally, Esquire
Nat P. Calamis, Esquire
Carr Maloney, P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
***Attorneys for Defendants Mountain Made Foundation,***
***Jack Carpenter, and Kate McComas***

C. Michael Tarone, Esquire
Tarone & McLaughlin
1010 Vermont Avenue, N.W.
Suite 810
Washington, D.C.  20005
***Attorney for Plaintiffs***